Opinion of the Trial Judge.—Freedman, J.
To be actionable the negligence complained of must be shown to have been the primary cause of the injury complained of. The injury in this case resulted not from the general condition or the want of fastening of this grating, but from the manner in which it was used. The use that was made of it was made by John Purcell, who came there ahead of Galvin and who, with some others raised it. If it was as dangerous as the learned counsel for the plaintiff claims, to allow it to stand almost perpendicular and without any fastening, then it was John Purcell who put it in that dangerous condition, and the danger was open, notorious, and patent to all who had eyes to see. If, therefore, there was negligence in that, it was the negligence of the co-servant of the deceased which was the primary cause of the injury, and not the general negligence of the city.
On the other hand, it also appears that the deceased had been warned several times against this very grating. Such danger was open, notorious, and he had express warning, which was proven by a witness introduced by the plaintiff and, introduced as a witness, entitled to belief. As the deceased had express warning, and the danger was open and notorious to him, if he did look—and it must presumed that he did look—it was contributory negligence for' him to go down that slide without first taking means to fasten it. He. might have pressed a shovel, which he must have had, against it. He might have fastened it with a rope, or in a variety of ways; or he might have stayed out of that hole altogether.
The complaint must be dismissed.
Per Curiam.
The case did not show that the accident was to be attributed solely to the negligence of defendants. On a view most favorable to plaintiff, there was *297 no proof as to the way in which the accident happened, nor could the jury have properly inferred that it happened in a way that would show that the deceased was free from contributory negligence. If when the grating fell he was in a position that he knew was dangerous, after he had been told there was likelihood of the falling, the plaintiff would be without a right of action. If he were in a position that did not as matter of law involve contributory negligence, the case would be for the jury. There was no testimony that would justify an inference favorable to plaintiff as to the position of deceased. The slight indications that might be relevant to this did not point to due care in the face of known danger. The deceased, after he was struck by the grating, went down the slide, feet first, and it is argued by plaintiff’s counsel that he had been struck in the back of his head. This points to his working with his back to the grating while his feet were within the slide and his head below the top of the grating, as it stood upright before it fell. H this would justify an inference of negligence no other testimony varied it. If it would not, the facts were as consistent with the non-existence as the existence of contributory negligence. The learned judge’s view on this issue was correct, and the judgment should be affirmed with costs.